STEVEN R. SUMSION (#8317)
**SUMSION BUSINESS LAW**
1800 Novell Place, 5th Floor
Provo, UT 84606
Tel: (801) 375-2830
Email: steve@businesslawutah.com
*Attorney for Defendants*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT COURT OF UTAH

| | |
|---|---|
| **CHARI PACK and CHARI VENTURES, LLC f/k/a PERSNICKETY PRINTS, LLC**, a Utah limited liability company,<br><br>Plaintiffs,<br><br>vs.<br><br>**PERSNICKETY, LLC f/k/a PERNICKETY CO, a Texas limited liability company; JOSEPH TERNDRUP, an individual; UPLILY, LLC d/b/a PERSNICKETY PRINTS, a Texas limited liability company; and VERITEX COMMUNITY BANK, a Texas state-chartered bank**,<br><br>Defendants. | **ANSWER**<br><br>Civil No. 2:25-cv-00947<br><br>Judge: Hon. Jill N. Parish |

Defendants Persnickety, LLC f/k/a Pernickety Co, Joseph Terndrup, Uplily, LLC d/b/a Persnickety Prints, and Veritex Community Bank (collectively "Defendants"), by and through undersigned counsel, hereby answers the Complaint filed by Chari Pack and Chari Ventures, LLC f/k/a Persnickety Prints, LLC (collectively, "Plaintiffs") as follows:

### PARTIES JURISDICTION AND VENUE

1.      Defendants lack sufficient information to answer. Inasmuch as a response is required, deny.

1

2.      Defendants lack sufficient information to answer. Inasmuch as a response is required, deny.

3.      Deny.

4.      Admit.

5.      Deny.

6.      Admit.

7.      Deny.

8.      Deny.

## GENERAL ALLEGATIONS

9.      Paragraph 9 references a document which speaks for itself and therefore requires no response. Inasmuch as a response is required, deny.

10.      Defendants lack sufficient knowledge to determine the truth or falsity of the allegations contained in Paragraph 9 and therefore denies the same.

11.      Deny.

12.      Paragraph 12 calls for a legal conclusion and references multiple documents which speak for themselves and therefore Paragraph 12 requires no response. Inasmuch as a response is required, deny.

13.      Deny.

14.      Paragraph 14 calls for a legal conclusion and references multiple documents which speak for themselves and therefore Paragraph 14 requires no response. Inasmuch as a response is required, deny.

15.      Deny.

16.    Paragraph 16 calls for a legal conclusion and therefore requires no response. Inasmuch as a response is required, deny.

17.    Deny.

18.    Paragraph 18 calls for a legal conclusion and therefore requires no response. Inasmuch as a response is required, deny.

19.    Paragraph 19 calls for a legal conclusion and therefore requires no response. Inasmuch as a response is required, deny.

20.    Paragraph 20 calls for a legal conclusion and therefore requires no response. Inasmuch as a response is required, deny.

21.    Deny.

22.    Deny.

23.    Deny.

24.    Deny in whole and each part, individually.

25.    Paragraph 25 calls for a legal conclusion and therefore requires no response. Inasmuch as a response is required, deny.

26.    Paragraph 26 references a document which speaks for itself and therefore requires no response. Inasmuch as a response is required, deny.

27.    Paragraph 27 calls for a legal conclusion and requires no response. Inasmuch as a response is required, deny.

28.    Paragraph 28 calls for a legal conclusion and requires no response. Inasmuch as a response is required, deny.

29.    Paragraph 29 calls for a legal conclusion and requires no response. Inasmuch as a response is required, deny.

30.     Paragraph 30 calls for a legal conclusion and requires no response. Inasmuch as a response is required, deny.

31.     Paragraph 31 calls for a legal conclusion and requires no response. Inasmuch as a response is required, deny.

32.     Paragraph 32 calls for a legal conclusion and requires no response. Inasmuch as a response is required, deny.

33.     Deny.

## FIRST CAUSE OF ACTION
### (Breach of Contract – Persnickety)

34.     Defendants hereby incorporate paragraphs 1 through 33 as though fully set forth herein.

35.     Deny.

36.     Deny.

37.     Deny.

38.     Deny.

## SECOND CAUSE OF ACTION
### (Breach of Guaranty – Terndrup)

39.     Defendants hereby incorporate paragraphs 1 through 38 as though fully set forth herein.

40.     Deny.

41.     Deny.

42.     Deny.

## THIRD CAUSE OF ACTION
### (Conspiracy to Defraud Creditors – Persnickety, Terndrup, and Uplily)

43.     Defendants hereby incorporate paragraphs 1 through 42 as though fully set forth herein.

44.  Deny.

45.  Deny.

46.  Deny.

## FOURTH CAUSE OF ACTION
### (Violation of Uniform Voidable Transactions Act, Utah Cose § 25-6-101, et seq. – Persnickety, Terndrup, and Uplily)

47.  Defendants hereby incorporate paragraphs 1 through 46 as though fully set forth

herein.

48.  Deny.

49.  Deny.

50.  Deny.

51.  Deny.

52.  Deny.

53.  Deny.

## FIFTH CAUSE OF ACTION
### (Violation of UCC § 9-610 – Veritext)

54.  Defendants hereby incorporate paragraphs 1 through 53 as though fully set forth

herein.

55.  Deny.

56.  Deny.

57.  Deny.

58.  Deny.

59.  Deny.

## SIXTH CAUSE OF ACTION
### (Breach of Implied Covenant of Good Faith and Fair Dealing – Persnickety and Terndrup)

60. Defendants hereby incorporate paragraphs 1 through 59 as though fully set forth

herein.

61.     Paragraph 61 asserts no facts, calls for a legal conclusion, and, therefore, requires no response. Inasmuch as a response is required, deny.

62.     Paragraph 62 asserts no facts, calls for a legal conclusion, and, therefore, requires no response. Inasmuch as a response is required, deny.

63.     Deny.

## SEVENTH CAUSE OF ACTION
### (Unjust Enrichment – Persnickety, Terndrup and Uplily)

64.     Defendants hereby incorporate paragraphs 1 through 63 as though fully set forth herein.

65.     Deny.

66.     Deny.

67.     Deny.

68.     Deny.

## PRAYER FOR RELIEF

A.  Defendants deny the prayer for relief in its entirety.

B.  Defendants deny that Plaintiffs are entitled to any of the relief requested.

C.  Defendants deny any allegations not specifically admitted herein.

## GENERAL DENIAL

Defendants deny all allegations not expressly admitted herein.

## AFFIRMATIVE DEFENSES

Without assuming any burden of proof that would otherwise rest with Plaintiffs, Defendants assert the following affirmative defenses. Defendants reserve the right to amend or supplement these defenses as additional information becomes available during discovery. The claims are barred because of estoppel.

## FIRST AFFIRMATIVE DEFENSE

6

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

To the extent there is a contract between Plaintiffs and Defendants Persnickety and Terndrup, the express terms of that contract should govern, and Persnickety and Terndrup owed no special duty outside of the contract.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Defendants conduct did not cause the damages of which Plaintiffs complain, the existence of which is denied.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claim of Conspiracy to Defraud Creditors fails for a failure of an agreement or meeting of the minds among the alleged conspirators; the existence of any alleged conspiracy being denied.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims fail because Defendants did not act with the requisite degree of fault or intent necessary to establish liability.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claimed damages are speculative and therefore barred.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims of a violation of the Voidable Transactions Act are barred because any alleged transfer was for reasonably equivalent value.

## EIGTH AFFIRMATIVE DEFENSE

Plaintiffs' claims of a violation of the Utah Commercial Code are barred because any alleged transfer was commercially reasonable and to a good faith purchaser for value.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims of unjust enrichment fail for lack of a benefit conferred on any Defendant.

## TENTH AFFIRMATIVE DEFENSE

The relief requested in the Complaint should be denied and the Complaint should be dismissed with prejudice, in whole or in part, by available and applicable affirmative defenses, including, but not limited to, accord and satisfaction, estoppel, failure of consideration, fraud, illegality, laches, license, release, statute of frauds, unclean hands, statute of limitations, and waiver.

WHEREFORE, Defendants request:

1.    Plaintiffs' Complaint be dismissed in its entirety and with prejudice;

2.    Judgment be entered in Defendants' favor; and

3.    Defendants be awarded costs and attorney fees toe the extent permitted by law.


DATED this 5th of December, 2025.

SUMSION BUSINESS LAW

*/s/ Steven Sumsion*
Steven R. Sumsion
*Attorney for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on December 5, 2025, I caused a true and correct copy of the foregoing

**ANSWER TO COMPLAINT** to be electronically filed through the court's online filing system,

causing notice to be given to all counsel of record in this case.

*/s/ Mark Norton*
Mark Norton
*Paralegal*